

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-10-00446-CR

LYNN ATMER SIMMONS A/K/A                                          APPELLANT
LYNN A. SIMMONS

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lynn Atmer Simmons a/k/a Lynn A. Simmons appeals his conviction for felony driving while intoxicated. In a single point, he contends that the trial court erred by admitting opinion testimony from a police officer who testified that Appellant's version of how his car collided with another's made no sense. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

The evidence showed that Appellant was intoxicated in his pickup truck when it collided with a four-door Kia driven by an off-duty police officer. When Fort Worth Police Officer Corey Swanson arrived on the scene, the Kia was disabled in the roadway, facing westbound. It had sustained damage to its left front corner. Appellant's pickup had been pulled off the roadway. It had front end damage. Appellant told Officer Swanson that his truck was over the double yellow line turning left when the Kia struck him at high speed. Officer Swanson testified that Appellant's story made no sense to him.[2] Citing rule of evidence 701, the trial court overruled Appellant's objection and allowed the officer's testimony.

Appellant argues that the trial court abused its discretion by admitting the officer's testimony under rule of evidence 701, which allows for a lay witness to testify in the form of an opinion.[3]

---

[2]Just before Officer Swanson so testified, Appellant had established outside the jury's presence that Officer Swanson was not an expert in accident reconstruction, and Appellant objected to his opinion testimony on that basis.

[3]Texas Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Tex. R. Evid. 701.

The State responds that Appellant failed to preserve his claim based on rule 701 because he based his trial objection on rule 702. Rule 702 governs the admissibility of expert opinion testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

Tex. R. Evid. 702.

At trial, Appellant established outside the jury's presence that Officer Swanson was not an expert in accident reconstruction and then objected that the officer should not be allowed to give his opinion because he was not qualified as an expert. The trial court overruled Appellant's objection, specifically citing rule 701. Appellant did not argue to the trial court that the officer's testimony also violated rule 701. He does, however, so argue in his brief:

> The trial court was incorrect in believing that the testimony was admissible under [r]ule 701 because: (1) [t]he jury could have perceived his testimony as being that of an expert, and (2) [i]t was not helpful to the jurors' understanding of the witness' testimony and the jurors' determination of a fact in issue, because they could have misconstrued his role as a police officer . . . .

A complaint made on appeal must comport with the complaint made in the trial court or it is forfeited. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."). To the extent that Appellant's point on appeal contests admissibility based on rule 701,

3

because his trial objection was based on rule 702, his complaint is not preserved for our review. *See id.*

But Appellant did preserve a complaint based on rule 702. So to the extent that he also contends in his brief that the trial court abused its discretion by overruling Appellant's objection based on rule 702, that particular complaint should be addressed. It is, however, without merit because it is clear from the record that the officer's opinion was not offered as that of an expert. The State's attorney plainly stated that Officer Swanson was not offered as an expert witness. Appellant established outside the jury's presence that Officer Swanson was not an expert. The trial court specifically admitted the officer's opinion as that of a lay witness permitted by rule 701. Moreover, the officer need not have been an expert to form the opinion based on seeing the cars after the wreck that Appellant's version of how his truck collided with the other car did not make sense to him. *See James v. State*, 335 S.W.3d 719, 726 (Tex. App.—Fort Worth 2011, no pet.) (holding that officer's opinion that defendant's self defense claim made no sense was properly admitted under rule 701). Appellant told the officer that the Kia was approaching at high speed from the opposite direction and that it hit him while he proceeded to turn left. But the photo of Appellant's truck admitted as State's Exhibit 2 shows some denting in the middle of the truck's front bumper and the photo of the Kia admitted as State's Exhibit 4 shows the Kia's front left corner torn off. A reasonable person could conclude that

4

Appellant's version does not make sense because the damage is in the wrong places.

Finally, even if the trial court erred in admitting the officer's opinion that Appellant's version made no sense to him, given the evidence in the record that Appellant was driving while intoxicated and the fact that the officer's opinion was not mentioned during closing argument, we conclude that the officer's opinion testimony had no effect on Appellant's substantial rights and should be disregarded. *See* Tex. R. App. P. 44.2(b). For these reasons we overrule Appellant's sole point and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: GARDNER, McCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 3, 2011